*63 The opinion of the court was delivered by
Duncan, J.
The plaintiff in'error, in the events which have happened, claim's the whole of the moiety of the lands of Joseph, devised to him by his father, William Dunwoody, as being the only person answering the description of legatee, and capable of taking, on the death of Joseph. The Court of Common Pleas decided that he was only entitled to one undivided fifth, in right of his wife, the daughter, Jinn Dunwoody, and the one seventh of the undivided fifth, in right of Esther, who died without issue.
By this will, I am of opinion. that Joseph and David took the estate in common in tail, with a vested remainder on the death of either of them without heirs of the body, to the persons designated by the name of legatees. It is not an executory devise in fee, with a devise over on contingencies .which might reasonably happen, but an express estate tail. “ In case either or both of my said sons Joseph and David, should die without heirs-of their bodies, then I allow their share to be divided among the above legatees.” The legatees were persons living at the death of the testator. It is as if the remainder had been to them nominatim.
It is as .unnecessary to cite cases, to prove a position so clear as this, as it would be to quote authorities to prove that a devise to a man and his heirs is a fee simple. The question, whom the testator intended by “ all the above legatees, (except Sarah 0‘Farrell,y’ is one of very great difficulty; .and I must confess, if I was left to surmise and question, or wills were to depend on conjectures, I would conjecture that he intended all the persons above named — his. children and grandchild. But this intention is far from being so plain and manifest as to satisfy Ihe conscience of a judge. The word legatees is not a word of art, nor does it require any technical construction; but it is a designation of persons not by name, but by characters, in which he has placed them by his will. James and David are named, but not as legatees: on the contrary, he excludes them, by declaring that he had paid them the full share of his estate. They do not answer the description of persons to take the remainder. It is a general rule, (though there may be some exceptions in the case of wills, which do not apply to the present ease,) that if an -w/i-nominated person takes, he must answer the whole description of the designation by which he is mentioned in the instrument. It would be difficult to maintain that they agree fully with the description of legatees, merely because they are mentioned and excluded from legacy. If the name of one of the children had been omitted, he would not have taken: it is stronger where he is named, but excluded. This construction is fortified by the exception of Sarah O’Farrell. If it was the testator’s intention, it is so latent, so merely conjectural, so problematical, that it would be rather making than construing the will, to introduce those by the name of legadees, to whom nothing of his estate was given by the will, and who *64 were said by the testator to be fully advanced. David answers the description of a legatee fully: he has bequeathed to him both real and personal estate, and he is-entitled to one sixth part.
On the whole, my mind has settled down to adopt the construction given by the Court of Common Pleas, so far as it goes, — but adding David as a legatee entitled to take. I would willingly have caught at any expression, any hint, to have brought in all the persons named, because I conjecture equality was the intention of the testator; but.I cannot supply the omission, nor change the.universal meaning of the word legatee. I cannot substitute persons above named for legatees above named.
The judgment is therefore reversed, and judgment to be entered for one undivided sixth and one undivided seventh of one undivided sixth.